**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | Case No. 1:93 CR 321 |
| ) | |
| **Plaintiff,** ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **DONALD RAY WILLIAMS,** ) | |
| ) | |
| **Defendant.** ) | |

On September 8, 1995, Defendant was found guilty on five counts of knowing and intentional distribution of cocaine and/or cocaine base ("crack-cocaine") in violation of 21 U.S.C. §841(a)(1) and (b)(1), and 18 U.S.C. §2. (Doc #: 86.) Defendant was sentenced to 327 months in prison, five years of supervised release, and a fine of $10,000. (Doc #: 88.)

Defendant subsequently faced trial in the Cuyahoga County Court of Common Pleas (*State of Ohio v. Williams*, Case No. 94-315917). On October 26, 1995, a jury found Defendant guilty of murder, in violation of O.R.C. §2903.02, and of two counts of having a weapon while under disability, in violation of O.R.C. §2922.13. (Doc #: 148-1 at 6.)

On December 7, 2010, Defendant, pursuant to Federal Rule of Civil Procedure 60(b)(6), filed the instant Motion for Relief from Judgment (**Doc #: 148**)[1] seeking for his sentence to be altered pursuant to the current Sentencing Guidelines for distribution of cocaine

---

[1] This matter was transferred from the Hon. Kathleen O'Malley to the undersigned on April 5, 2011 prior to adjudication of the Motion.

and/or crack-cocaine and requesting that his federal sentence be served concurrently with his state sentence.

Federal Rule of Civil Procedure 60(b) provides civil litigants a basis to move for relief from judgment. "As a rule of civil procedure, Rule 60(b) applies to civil proceedings, proceedings authorized under Rule 81, and habeas proceedings which are civil in nature." *United States v. Gibson*, No. 10-5231, 2011 WL 2008308, at *2 (6th Cir. May 24, 2011) (citations omitted). However, Rule 60(b) is not applicable to criminal proceedings and, therefore, cannot serve as the basis for relief from a criminal sentence or conviction. *Id*. at *3; *United States v. Diaz*, 79 Fed. App'x 151, 152 (6th Cir. 2003). Accordingly, Defendant's Motion for Relief from Judgment must be **DENIED**.

**IT IS SO ORDERED.**

 */s/ Dan A. Polster     June 8, 2011*
**Dan Aaron Polster**
**United States District Judge**