**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Case No. 1:93 CR 321 |
| | ) | |
| **Plaintiff - Respondent,** | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **DONALD RAY WILLIAMS,** | ) | |
| | ) | |
| **Defendant - Petitioner.** | ) | |

On September 8, 1995, Defendant - Petitioner Donald Ray Williams ("Defendant") was found guilty on five counts of knowing and intentional distribution of cocaine and/or cocaine base ("crack-cocaine") in violation of 21 U.S.C. §841(a)(1) and (b)(1), and 18 U.S.C. §2. (Doc #: 86.) Defendant was sentenced to 327 months in prison, five years of supervised release, and a fine of $10,000. (Doc #: 88.)

On August 20, 1997, Defendant filed his first Motion to Vacate Pursuant to 28 U.S.C. §2255. (Doc #: 123.) The Honorable George W. White denied Defendant's Motion on October 9, 1997. (Doc #: 131.) Defendant moved for reconsideration on October 27, 1997 (Doc #: 133) and subsequently appealed Judge White's decision to the United States Court of Appeals for the Sixth Circuit Court on October 31, 1997 (Doc #: 135). The Sixth Circuit held Defendant's appeal in abeyance until disposition of the motion for reconsideration. (Doc #: 139). On December 2, 1997, Judge White denied Defendant's motion for reconsideration. The Sixth Circuit continued to hold Defendant's appeal in abeyance until Judge White ruled on

whether or not to issue a certificate of appealability. (Doc #: 141.) Judge White denied Defendant a certificate of appealability on January 15, 1998. (Doc#: 142.) The Sixth Circuit then terminated Defendant's appeal by also denying Defendant's application for a certificate of appealability on September 28, 1998. (Doc #: 144.)

On June 27, 2011, Defendant filed a second Motion to Vacate Pursuant to 28 U.S.C. §2255, which is pending before this Court. (Doc #: 151.). Under 28 U.S.C. 2255(h), a second motion to vacate "must be certified ... by a panel of the appropriate court of appeals" to contain newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review. 28 U.S.C. §2255(h). As this is Petitioner's second motion to vacate, the Sixth Circuit must certify the instant Motion before the Court may consider it on its merits. Petitioner has not produced proof of certification by the Sixth Circuit. Accordingly, Petitioner's Motion is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     June 29, 2011*
**Dan Aaron Polster**
**United States District Judge**