**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:93 CR 321** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **DONALD RAY WILLIAMS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

On June 28, 2020, Defendant Donald Ray Williams sent a letter to the Court referencing an earlier letter and asking the Court to appoint counsel to assist him in filing a motion for compassionate release. The Court had its deputy clerk file this letter on the docket and will treat it as a formal Motion for Appointment of Counsel and Motion for Compassionate Release. **Doc #: 169**.

On September 21, 1995, Williams, who resides at Northeast Ohio Correctional Center, was sentenced to 327 months in prison followed by 5 years of supervised release for five counts of knowing and intentional distribution of cocaine and/or cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 18 U.S.C. § 2. On June 6, 2019, the Court reduced Williams' sentence to 262 months under the First Step Act, Doc #: 158, and later reduced it to 210 months for good cause shown, Doc #: 166. Williams now intends to seek compassionate release.

The statute authorizing compassionate release, 18 U.S.C. § 3582(c)(1), contains an exhaustion requirement. The exhaustion requirement mandates that a criminal defendant first

ask the Bureau of Prisons (BOP) to bring a motion for compassionate release on his behalf. 18 U.S.C. § 3582(c)(1). Thereafter, a defendant may file a motion for compassionate release in the district court only after:

> the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . ..

18 U.S.C. § 3582(c)(1)(A). This requirement is a "mandatory claim-processing rule" which must be enforced when properly invoked. *United States v. Alam*, — F.3d —, 2020 WL 2845694, at *5 (6th Cir. Jun. 2, 2020). The rule is properly invoked when the government timely raises it, but courts may enforce the exhaustion requirement *sua sponte*. *See United States v, Gayton-Garza*, 652 F.3d 680, 681 (6th Cir. 2011); *United States v. Jones*, No. 1:16 CR 344, Doc #: 64 at 2 (N.D. Ohio Jun. 9, 2020) (Polster, J.). The pending Motion is silent as to whether Williams has satisfied the exhaustion requirement. Accordingly, the Motion for Compassionate Release is *sua sponte* dismissed without prejudice.

Williams may file a motion for compassionate release once he has presented his request to the warden of his facility and either (1) he has exhausted all administrative rightst to appeal the failure of the BOP to bring a motion on his behalf, or (2) 30 days pass from the day the warden received his request. This ruling acknowledges that the BOP is in the best position to know its inmates' medical conditions, the condition of its prisons, and the remedial actions taken. If the BOP's review is unsatisfactory, the longest a defendant has to wait before filing his motion in the district court is 30 days after the warden receives it.

That said, the Court has issued a non-document order appointing a Federal Public Defender to represent Williams in preparing and filing a motion for compassionate release. Non-document Order of 7/6/2020.

Accordingly, the Motion for Appointment of Counsel is moot, and the Motion for Compassionate is *sua sponte* dismissed without prejudice to filing post-exhaustion.

**IT IS SO ORDERED.**

    */s/ Dan A. Polster     July 7 2020*
**Dan Aaron Polster**
**United States District Judge**